# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**RONNIE LAWSON**                                                                                                         **PLAINTIFF**

**v.**                       **CIVIL ACTION NO. 3:18-CV-P362-JHM**

**FEDERAL BUREAU OF PRISONS:**
**U.S.P. BIG SANDY**         **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Ronnie Lawson, a prisoner incarcerated at the United States Penitentiary (USP) Big Sandy, initiated this *pro se* action by filing a one-page handwritten complaint (DN 1). As Defendant, he names "Federal Bureau of Prisons [(BOP)]: U.S.P. Big Sandy." The complaint in its entirety states as follows: "Complaint: 2008'-09', lost or stolen property . . . New Balance 992 sneakers (size 12) value: $98.00"; "'I never received any property when I reached my new designated institution of Coleman #1-U.S.P. in 2009 at Florida . . . I purchased the sneakers'"; and "Requesting monetary relief of $100.00 & and any court fees to be paid by the Federal Bureau of Prisons . . ." (DN 1, ellipses by Plaintiff).

Under 28 U.S.C. § 1391(e)(1),

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

USP Big Sandy is located in Martin County, Kentucky, which is located within the Eastern District of Kentucky. *See* 28 U.S.C. § 97(a). Additionally, while unclear, the alleged loss of property either occurred while Plaintiff was in federal custody at USP Big Sandy or

during transport to or upon arrival at USP Coleman, which is located in Sumter County in the Middle District of Florida. *See* 28 U.S.C. § 89(b).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if in the interest of justice, transfer such case to any district or division in which it could have been brought." It is clear that venue for the instant action is improper here in the Western District of Kentucky. For the reasons that follow, the Court finds that a transfer would not be in the interest of justice.

Plaintiff does not indicate under what law he brings his action. To the extent he is trying to allege a constitutional violation under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), his claim fails. First, in *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages *against federal officers* alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (emphasis added). Therefore, a "prisoner may not bring a *Bivens* claim against [an] officer's employer, the United States, or the BOP." *Id.* at 72; *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("Okoro cannot pursue a *Bivens* claim against the BOP because such a claim may not be brought against a federal agency.") (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994)). Second, because Plaintiff alleges that his sneakers were lost/stolen in 2008 or 2009, the *Bivens* action is barred by the one-year statute of limitations. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) ("*Bivens* claims have a one year statute of limitations under Kentucky law.") (citing *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir. 1987)).

To the extent Plaintiff may be trying to bring a claim under the Federal Tort Claims Act (FTCA), such claim also fails. First, claimants seeking to bring an action under the FTCA against the United States for money damages must first present the claim to the appropriate

agency and have the claim finally denied by the agency. *Wilson v. United States*, 93 F. App'x 53, 54 (6th Cir. 2004) (citing 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Stone v. Sabrina Quality Typing Serv.*, No. 15-11369, 2015 WL 4040731, at *2 (E.D. Mich. June 30, 2015) ("Timely and complete exhaustion is required before an FTCA claimant can file in federal court."). Plaintiff, however, has not alleged exhaustion of administrative remedies associated with that Act prior to bringing an action in federal court.

Second, while "[i]n the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees," *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008) (citing 28 U.S.C. § 1346(b)(1)), the FTCA, nonetheless, "exempts from this waiver certain categories of claims." *Id.* (citing 28 U.S.C. § 2680(a)-(n)). Pertinent to this case is the exception in § 2680(c), which precludes "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer[.]" 28 U.S.C. § 2680(c). In *Ali*, the Supreme Court broadly construed "any other law enforcement officer" to include federal BOP officials, *Ali*, 552 U.S. at 216,[1] finding that "[§] 2680(c)

---

[1] The facts in *Ali* are similar to the case at hand. Therein,

> Petitioner Abdus–Shahid M.S. Ali was a federal prisoner at the United States Penitentiary in Atlanta, Georgia, from 2001 to 2003. In December 2003, petitioner was scheduled to be transferred to the United States Penitentiary Big Sandy (USP Big Sandy) in Inez, Kentucky. Before being transferred, he left two duffle bags containing his personal property in the Atlanta prison's Receiving and Discharge Unit to be inventoried, packaged, and shipped to USP Big Sandy. Petitioner was transferred, and his bags arrived some days later. Upon inspecting his property, he noticed that several items were missing. The staff at USP Big Sandy's Receiving and Discharge Unit told him that he had been given everything that was sent, and that if things were missing he could file a claim. Many of the purportedly missing items were of religious and nostalgic significance, including two copies of the Qur'an, a prayer rug, and religious magazines. Petitioner estimated that the items were worth $177.

*Ali*, 552 U.S. at 216.

3

forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers."[2] *Id.* at 228.

For these reasons, the Court concludes that a transfer would not be in the interest of justice. A separate Order dismissing the action will be entered.

Date: November 21, 2018

*Joseph H. McKinley Jr., District Judge*
United States District Court

cc: Plaintiff, *pro se*
Defendant
4414.005

---

[2] In *Ali*, the Court noted that "Congress . . . did provide an administrative remedy for lost property claimants like petitioner." *Ali*, 552 U.S. at 228 n.7. Specifically, the Court indicated that "[f]ederal agencies have authority under 31 U.S.C. § 3723(a)(1) to settle certain 'claim[s] for not more than $1,000 for damage to, or loss of, privately owned property that . . . is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment.'" *Id.* Here, however, a claim under that statute would be time-barred. *See* 31 U.S.C. § 3723(b) ("A claim under this section may be allowed only if it is presented to the head of the agency within one year after it accrues.").